Jacquelyne VELCOFF *v.* STATE of Arkansas

CR 05-950

Supreme Court of Arkansas
Opinion delivered October 6, 2005

*Alvin Schay*, for appellant.

No response.

PER CURIAM. Appellant's retained counsel at trial was Darrell Brown. On February 25, 2005, she was tried and convicted of twenty counts of rape and sentenced by a jury to 168 months' imprisonment on each count. The judgment was entered on March 3, 2005. Attorney Brown did not file a notice of appeal on behalf of his client, and he was not dismissed as the attorney for appellant. In an order dated and filed April 15, 2003, the circuit judge found that defendant's request for a transcript of court proceedings

was well taken. The judge approved the request and recognized defendant's request to proceed *in forma pauperis*. The record before us does not contain defendant's request for a transcript or a motion to proceed *in forma pauperis*.

On May 25, 2005, the circuit judge entered an order *nunc pro tunc* for March 3, 2005, appointing Alvin Schay to represent the defendant. The order states, "The defendant filed a timely notice of appeal by letter dated March 3, 2005." However, there is no notice of appeal in the record. Accordingly, we will not accept as valid the order entered *nunc pro tunc* by the circuit judge. Further, although the record contains letters from the appellant to the circuit judge which clearly express appellant's desire to appeal her case, there is no letter from appellant dated March 3, 2005, asking that her convictions be appealed.

On August 30, 2005, Mr. Schay, acting now as *pro bono* counsel, prepared and filed a motion for belated appeal in this case. In that motion, he states that he attempted to file the record in this matter with the Arkansas Supreme Court Clerk on August 24, 2005. The next day he was advised by our clerk that there was no adequate notice of appeal and that the circuit court's appointment of Mr. Schay was not valid. Mr. Schay adds that he does not desire to be appointed appellate counsel by this court.

This case was essentially abandoned by Darrell Brown. Disciplinary action was taken against Mr. Brown by the Supreme Court Committee on Professional Conduct on other matters, and his license was suspended on April 29, 2005.

We grant the motion for belated appeal. Because Mr. Brown was never relieved as counsel and because this court does not recognize as valid the order by the circuit court appointing Mr. Schay as attorney for the appellant, another attorney will be appointed to represent appellant after the proper procedures for determining indigency are followed. As required by Ark. Sup. Ct. R. 6-6, appellant's status as an indigent will be determined after an assertion of indigency, verified by a supporting affidavit, is filed with this court.

Regarding the motion to supplement the record on appeal, the record does not contain a motion for extension of time for the court reporter to prepare the transcript or the circuit's order filed on August 22, 2005, granting the motion. We grant the motion and direct that the record in this case be supplemented by the motion and order.

■ Because of the failure of Darrell Brown to adequately represent his client on appeal, a copy of this *per curiam* will be forwarded to the Supreme Court Committee on Professional Conduct.